McCAMEY v. WRIGHT.

Opinion delivered November 14, 1910.

1. EVIDENCE—PRESUMPTION THAT OFFICER DOES DUTY.—The law presumes that every officer does his duty and that in his official acts he has not exceeded his authority, and if he can act only in a certain contingency that · such contingency has happened. (Page 479.)

2. SHERIFFS AND CONSTABLES—ASSAULT—PRESUMPTION—BURDEN OF PROOF. —In an action against a constable for unlawfully killing plaintiff's decedent it was not error to refuse to instruct that if the decedent was unhurt when taken into custody, and was found to be hurt before his trial on the next day, the defendant must show how he was hurt, as such instruction would overturn the presumption that an officer does his duty, and change the burden of proof in such cases. (Page 479.)

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk,* Judge; affirmed.

*Cammack & White, J. A. Comer* and *J. H. Carmichael,* for appellant.

1. After plaintiff by evidence established the facts that deceased at the time of the arrest was well and uninjured and that between that time and his trial he received an injury which resulted in his death, the burden was upon appellees to prove that deceased was injured by some agency over which they had no control. 3 Cyc. 1087; *Id.* 1104. Instructions 6 and 7 requested by appellant should have been given. 69 Ark. 134.

2. As to the officer's liability for unwarranted insults, indignities, cruelty or oppression to the person arrested, see 85

Ky. 486; 144 Mass. 365; 7 Blackf. 74; 31 Am. Rep. 626; 42 L. R. A. 423; 55 Ark. 502; 59 Ark. 133; 9 L. R. A. 445.

*W. R. F. Payne* and *W. T. Tucker,* for appellee.

1. Where the law governing a case is correctly stated in instructions already given, it is not error to refuse instructions upon the same questions. 90 Ark. 19; 87 Ark. 602.

2. Instructions 6 and 7, requested by appellant, were properly refused. They assume that deceased was in the custody of Rogers continuously from the time of his arrest until he was brought into court the next day. The burden was on plaintiff to show that Rogers had assulted deceased while in his custody, and, until she did so, Rogers was under no duty to explain anything. The issue was, did Rogers commit the assault? The jury's verdict, on conflicting evidence, settles that question in appellee's favor. 73 Ark. 377; 75 Ark. 111; 67 Ark. 339; 65 Ark. 116; *Id.* 255; 67 Ark. 433; 76 Ark. 326; 46 Ark. 524; 47 Ark. 196.

Kirby, J. This is an action by appellant as administratrix for damages for the wrongful death of her son and intestate, Louis Hunley, against Ed Wright, constable, and F. C. Rogers, his deputy, it being alleged that such death was caused by the said Rogers unlawfully assaulting and striking said deceased on the head with a pistol.

The answer denied that an assault was committed upon deceased by defendant Rogers. The testimony shows that deceased was on Washington Street in Argenta the night before Christmas, intoxicated to some extent, and that he was arrested by F. C. Rogers for being drunk; that at the time he was uninjured, and went with the officer without resistance; that within ten minutes afterwards he was seen on the street, crying, with blood running down on his shoulder, with a pair of handcuffs on, or one handcuff, and complaining, "He hit me on the head." Shortly afterwards he was taken up the street, and turned over to Mr. Rogers, who claimed he had escaped.

There was a bruise on his head, caused by a blunt instrument that fractured his skull, and from which, after suffering great pain, he died about the middle of March afterward. The evidence was contradictory and conflicting to some extent, and the defendant, Rogers, did not testify in the case.

The court refused to give instructions numbered 6 and 7, requested by plaintiff, which are as follows:

"6. You are instructed that if you find from the evidence that the deceased was unhurt and uninjured when taken into custody by defendant Rogers, and was found to be hurt and injured before his trial on the next day, the defendant must show by a preponderance of the evidence how the deceased was hurt.

"7. If you find from the evidence that the deceased, Louis Hunley, was uninjured when he was taken into custody by defendant Frank Rogers, and you further find that he was injured when brought into court the following day in the custody of Frank Rogers, you will find for the plaintiff, unless you find that deceased, Louis Hunley, was injured by some one else not under control of defendants."

And gave, over plaintiff's objection, defendant's instruction:

"The jury are instructed that, before the plaintiff can recover, they must show by a fair preponderance of the evidence that the injury complained of was wrongfully and unlawfully inflicted by defendant Rogers, and that said injury was the natural, proximate cause of the death of the said Hunley; and if they fail in this, your verdict should be for the defendants."

The jury returned a verdict for the defendants, and plaintiff appealed.

There was no error in giving the instruction asked on the part of the defense. It was approved by this court in this cause on a former appeal.*

"The presumption is always in favor of the correct · performance of his duty by an officer, and every reasonable intendment will be made in support of such presumption. So it will always be presumed that in any official act or act purporting to be official the officer has not exceeded his authority; and, if he had power to act only in a certain contingency, that the contingency has happened, etc." Throop on Public Officers, § 568; Mechem, Public Officers, § 579.

Instruction number 6, refused, asked the court to declare that it was the defendant's duty to show by a preponderance

---

*The opinion in McCamey v. Wright, handed down on May 17, 1909, was omitted from 90 Arkansas Reports by order of the Chief Justice. —(Rep.)

of testimony how the deceased was injured if he was unhurt when taken into custody by him and found to be injured before his trial next day, without regard to whether or not deceased was shown to have been in his exclusive custody during all the time. And the effect of number 7 was to conclusively presume that deceased was injured by the defendant if he was unhurt when arrested and injured when brought into court the following day in his custody, unless the jury should find that deceased was injured by some one else not under control of defendant.

These instructions seek to overturn the long-established presumption of law that every officer has discharged his duty, and change the rule of evidence as to the burden of proof, which was correctly given to the jury by the court in defendant's instruction objected to. Neither of them was a correct statement of the law, and both were properly refused. The jury might well have found for the plaintiff, but the evidence was contradictory and conflicting to some extent, and it was their province, under the instructions given by the court, to find whether or not deceased had been assaulted and injured by the defendant. Their verdict, being for the defendant and not without evidence to sustain it, will not be disturbed by this court.

Affirmed.