MONTGOMERY *v.* SOUTHWESTERN ARKANSAS TELEPHONE COMPANY.

Opinion delivered December 15, 1913.

1. TELEGRAPH AND TELEPHONE COMPANIES—SERVICE—DISCRIMINATION—PENALTY.—Kirby's Digest, § 7948, providing a penalty for discrimination by a telephone company is merely declaratory of the common law for the purpose of preventing discrimination, with penalties added. (Page 483.)

2. TELEGRAPH AND TELEPHONE COMPANIES—COMMON CARRIERS—DUTY TO GIVE SERVICE.—Telegraph and telephone companies are common carriers of intelligence, and must give the same service on the same terms, to all who apply therefor, without penalty or unreasonable discrimination. (Page 484.)

3. TELEPHONE COMPANIES—LIMITS OF SERVICE.—Telephone companies may in good faith determine for themselves the limits within which they will carry on their business. (Page 484.)

4. TELEPHONE COMPANIES—DUTY OF SUBSCRIBER TO COMPLY WITH RULES. —There can be no recovery of the penalty denounced in Kirby's Digest, § 7948, against a telephone company for discriminating against plaintiff, in the absence of a showing by plaintiff that he applied for telephone service upon the terms established by the telephone company. (Page 484.)

Appeal from Nevada Circuit Court; *Jacob M. Carter,* Judge; affirmed.

### STATEMENT BY THE COURT.

This is a suit by appellants against appellee for the recovery of the statutory penalty under section 7948 of Kirby's Digest, for an alleged discrimination against them in refusing them telephone service. The complaint alleges that appellee is a corporation, organized under the laws of this State, and that it owns and operates a telephone exchange in the city of Prescott. That on the first day of March, 1912, appellants lived in the country about four miles distant from the city of Prescott. That in connection with several of their neighbors, appellants entered into a written contract with appellee, whereby appellee, for the sum of eighteen dollars per annum, agreed to erect and maintain its poles to the corporation line of the city of Prescott, and to permit appellants, and four of their neighbors who had signed the contract, to erect a telephone wire from their residences in the country to appellee's wire at the corporate limits of the city of Prescott, and there connect with it. That appellee, for the consideration named in the contract, was to furnish appellants, and the four others who signed the contract, telephone service on this party line. That appellants paid their part of the rent on said line from the first day of March, 1912, to the first day of March, 1913, and fully complied with all the appellee's rules and regulations in regard thereto. That appellee refused to permit appellants to have connection on said telephone

line from the sixth day of November, 1912, to the 26th day of December, 1912.

Appellee filed an answer in which it admitted that it entered into the contract with appellants and others for a party line to their residences in the country, but alleged that later, without its knowledge, appellants moved and established their residence just outside the corporate line of the city of Prescott, but really inside the city limits, and, without appellee's knowledge and consent, strung a wire from their residence and attached the same to the party line running to their former residence in the country. Appellee alleges that it maintains and operates a telephone exchange in the city of Prescott, and in its immediate suburbs, and that parties living within these limits are required to pay $1.50 per month for telephone connections.

On the trial of the case, it was proved that appellants' present residence is about fifty feet from the corporation line of the city of Prescott, and that appellants moved into this residence in July, 1912, and that before that time they lived something like four miles in the country. Appellants offered to introduce in evidence the written contract made by themselves and certain of their neighbors with appellee, on March 1, 1912, while they lived out in the country. The court refused to permit this contract to be introduced in evidence, and appellants duly saved exceptions thereto. Judgment was rendered in favor of appellee, and to reverse that judgment this appeal is prosecuted.

*J. O. A. Bush,* for appellants.

The court erred in refusing to permit appellant to introduce its contract with the defendant, for if they were entitled to service at all it was under this contract and the plaintiff's right to recover rested on a discrimination against their rights as set forth in this contract. In this respect the present case is different from 192 Fed. 200.

The defendant "being a public servant, can not refuse to serve one who offers to pay its rates and comply with .its reasonable rules and regulations." 102 Ark. 547.

The defendant having entered into the contract can not refuse to give service to appellant, when under the same contract it gives service to others, without being guilty of discrimination as outlined in section 7948 of Kirby's Digest, and is therefore liable under the following cases:  81 Ark. 486; 102 Ark. 547; 94 Ark. 533.

*Thos. C. McRae, W. V. Tompkins, D. L. McRae* and *Chas. H. Tompkins,* for appellee.

The contract was not admissible in evidence. This is an action for a penalty, which is fixed by law, not by contract. 30 Cyc. 1335. This case does not fall within either of the classes in which the court divides the statute in *Yancy* v.· *Telephone Company,* 81 Ark. 486-493. The contract here was for a country phone which the appellee was not required to make, and would not be liable for refusing to make, nor liable for a penalty for refusing to carry it out. If the contract gave appellant rights not given to the public generally, it was illegal and void; if it gave him rights accorded to the general public, and there was a violation thereof, he could only recover for the violation of the public duty, and not for violation of the contract. 209 U. S. 56; 219 U. S. 469; 50 Ark. 78; 24 L. R. A. (N. S.) 503; 192 Fed. 200.

Penalty statutes are strictly construed, and the party seeking to recover a penalty must bring himself strictly within their terms. 76 Ark. 126; 79 Ark. 521, and cases cited.

HART, J., (after stating the facts). This suit was instituted under section 7948 of Kirby's Digest. The section in question is merely declaratory of the common law for the purpose of preventing discrimination, with penalties added. *S. W. Tel. & Tel. Co.* v. *Danaher,* 102 Ark. 547. See also *Home Tel. Co.* v. *Peoples' Tel. & Telegraph Co.,* 125 Tenn. 270; 43 L. R. A. (N. S.) 550,

and cases cited; *Bradford* v. *Citizens Telephone Co.*, 161 Mich. 385, 137 Am. St. Rep. 513.

Telephone and telegraph companies are common carriers of intelligence, and must give the same service on the same terms to all who apply therefor, without partiality or unreasonable discrimination. *S. W. Tel. Co.* v. *Danaher,* 102 Ark. 547; *Home Tel. Co.* v. *Peoples' Tel. & Telegraph Co., supra,* and cases cited.

Telephone companies may in good faith determine for themselves the limits within which they will carry on their business. 37 Cyc. 1653; *Cumberland Tel. etc., Co.* v. *Kelly,* 160 Fed. 316, 15 Ann. Cas. 1210; *Delaware & A. Telegraph & Tel. Co.* v. *State of Delaware ex rel. Postal Tel. & Cable Co.,* 50 Fed. 677.

According to the allegations of the answer, appellee owned and operated a telephone exchange in the city of Prescott, and this included the thickly populated territory adjacent to the corporate limits. Within the limits which it established, under the statute, appellee was required to give the same service, on the same terms, to all who applied therefor, without partiality or unreasonable discrimination. It could not be required to extend its line or service beyond the limits which it had established. The act of appellee in making the contract of March 1, 1912, with appellants and others, whereby it agreed to furnish them telephone service on a party line, was a mere privilege which it might grant to them, but it could not have been compelled to have executed such a contract. This, we think, is clear from the principles decided in the cases cited above, and it was expressly so decided in the case of *Younts* v. *Southwestern Tel. & Tel. Co.* 192 Fed. 200. See also *Crouch* v. *Arnett,* 79 Pac. (Kan.) 1086.

As long as appellants lived in the country, they had a right to telephone service over the party line during the life of their contract with the telephone company; but the present suit is not based on contract, but was instituted to recover penalties imposed by section 7948 of Kirby's Digest, for unlawful discrimination. When

appellants moved from their residence in the country, outside of appellee's telephone zone, into their residence in the suburbs of the city of Prescott, they brought themselves within the limits established by the telephone company for maintaining and operating its telephone exchange. All persons who comply with the reasonable rules of a telephone company and who come within the same class are entitled to telephone service within the established limits of the telephone company; and it is for discrimination against such persons that the penalties of the statute are directed. When appellants moved into the limits established by appellee for conducting its business, they brought themselves within the class whom appellee was bound to serve without partiality or unreasonable discrimination, if proper application was made therefor. Appellants do not show that they applied for telephone service upon the same terms as those who live within the established limits, but they demanded service under the contract they had made with appellee while they lived in the country. When they lived outside of appellee's telephone zone, they could not compel appellee to give them telephone service, and for that reason could not recover the penalties denounced by the statute. At most, they could only have sued appellee for damages for breach of contract; and we do not decide whether they could have even maintained such action, for it might be said that, having moved away from their former residence in the country, they placed themselves in a position where they could not use the party line which they had contracted for, and on this account there would be no breach of contract on the part of appellee.

The court did not err in refusing to permit appellants to introduce the contract above referred to in evidence; and, even if it had been admitted in evidence, under the views we have expressed, the result would have been the same. Therefore, the judgment will be affirmed.