CAMPBELL *v.* BASTIAN.

5-2916                                                      365 S. W. 2d 249

Opinion delivered March 4, 1963.

*H. G. Partlow, Jr.,* for appellant.

*Reid & Burge, Gardner & Steinsiek,* for appellee.

ED. F. McFADDIN, Associate Justice. This case arises from a traffic mishap between two trucks: one was owned by Appellant Campbell and driven by James Ellis; and the other was owned by appellees, Bastian Truck Service (hereinafter called ''Bastian''), and driven by Dallas Peters. Both vehicles were proceeding in the same direction. The Campbell truck being in front, undertook to turn left to enter the driveway of the Campbell home; and the Bastian truck, undertaking to pass the Campbell vehicle, struck it and caused damage to both vehicles. Bastian filed action for damages; Campbell denied liability and cross complained for his damages. From a jury verdict and judgment for Bastian, Campbell brings this appeal, urging the points now to be discussed.

I. *Continuance.* The traffic mishap occurred in April 1960; the action was filed in September, 1960; and the case was continued in both the January 1961 term, and the June[1] 1961 term. In the January 1962 term Campbell filed motion for continuance because of the absence

---

[1] The terms of the court are fixed by § 22-310 Ark. Stats. In referring to these as the "June" and "January" terms, we are using convenient words for identification.

of James Ellis, who was the driver of the Campbell vehicle in the traffic mishap; and the cause was continued for the term. When the new term started in June 1962, Campbell again moved for continuance because of the absence of James Ellis; the motion was denied; and the cause was tried on June 18, 1962. The denial of the motion for continuance in June 1962 is the point here argued.

We find no error committed by the Trial Court in denying the motion for continuance. The record shows that Campbell did not know the present whereabouts of Ellis and could give no assurance that he would be present if a further continuance should be granted. Campbell had obtained one or more continuances because of the absence of Ellis; yet Campbell, even in June 1962, had never located Ellis and could not say when, if·ever, Ellis would be present. The Trial Court did not abuse its discretion in overruling the motion. See *Black & White Cab Co.* v. *Doville,* 221 Ark. 66, 251 S. W. 2d 1005, and cases there cited.

II. *Campbell's Motion For Instructed Verdict.* At the close of the plaintiffs' case, Campbell moved for an instructed verdict. This motion was denied and such ruling is assigned as error. We find no merit in this assignment. When the Court denied Campbell's motion for an instructed verdict at the close of Bastian's case, Campbell proceeded to introduce his evidence, but did not renew his motion for an instructed verdict at the close of the entire case. In such a situation, Campbell's original motion was waived. *Grooms* v. *Neff,* 79 Ark. 401, 96 S. W. 135; *Ft. Smith Cotton Oil Co.* v. *Swift,* 197 Ark. 594, 124 S. W. 2d 1; and *Granite Mt. Rest Home* v. *Schwarz,* 236 Ark. 46, 364 S. W. 2d 306 (Case No. 2840, Opn. February 4, 1963). We add, however, that even if the motion had been made at the end of the entire case, it should have been overruled.

III. *Refusal of Requested Instruction.* Campbell presented to the Court his requested Instruction No. 6, which contained this language:

"(B) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable or prudent having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

The refusal of the Court to give the above instruction is assigned as error; but we find this assignment to be without merit. The evidence showed that the Bastian truck was undertaking to pass the Campbell truck when the Campbell truck turned to the left; and the Court gave a series of instructions[2] on the duty of a vehicle overtaking and undertaking to pass another vehicle proceeding in the same direction. This was not a case of a vehicle following behind another vehicle, but rather, a case of passing a vehicle; and it would have confused the issues for the Court to have given the "following too close" instruction in a case where all the testimony showed that it was an "overtaking and passing" situation.

IV. *Agency Of James Ellis.* The Trial Court instructed the jury that James Ellis *was the agent of Campbell* in driving the Campbell truck at the time of the collision; and Campbell insists that such agency was a question for the jury. In other words, Campbell claims that the question of agency should have been submitted to the jury rather than declared as a *matter of law*. It is true

---

[2] Among other instructions, there was the Court's Instruction No. 8 (given without objection), which contained this language:

"(A) The operator of the vehicle in front has the superior right to use of the highway and the driver of the rear vehicle in handling of his vehicle must recognize the superior right of the vehicle in front although the forward vehicle operator is not relieved from the duty of exercising ordinary care for his own safety and the safety of others.

"(B) No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the righthand side of the roadway before coming within 100 feet of any vehicle approaching from the opposite direction.

"(C) No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement.

"A signal of intention to turn right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning."

that, ordinarily, agency is a question of fact to be determined by the jury; but agency becomes a question of law for the court when the material facts concerning it are not disputed and only one reasonable conclusion can be drawn therefrom. 3 C.J.S. p. 325, ''Agency'' § 330. As the Court of Appeals of Kentucky said in *Wolford* v. *Scott*, 257 S. W. 2d 594:

''Where the facts are in dispute and the evidence is contradictory or conflicting the question of agency, like other questions of fact, is to be determined by a jury. However, where the facts are undisputed, the question becomes one of law for the court. *Horne* v. *Hall* (Ky.), 246 S. W. 2d 441.''

The Supreme Court of Vermont, in *Luce* v. *Chandler,* 195 A. 246, an automobile case, used this language:

'' 'Where the facts are undisputed and only one inference can reasonably be drawn from them, the court must determine whether they create an agency.' 1 Meacham on Agency (2d ed.) § 295. Clearly the evidence above admits of no opposing inference and is so conclusive in character that this question became one of law for the court rather than one of fact for the jury.' ''

With the rule thus stated, we now examine the evidence to see if there are any material facts in dispute regarding agency; and we find that the admission made by Campbell when he was testifying destroys the foundation of his argument on this point. Here is Mr. Campbell's testimony as to how Ellis happened to be driving the Campbell truck at the time of the traffic mishap:

Q. ''What was the purpose of Mr. Ellis driving your truck?

A. ''He didn't have any account to drive it for me. It was parked by his house and I asked would he mind driving it out there for me and I would pick him up.''

This testimony by Campbell made Ellis his agent. In the American Law Institute's Restatement of the Law of Agency, § 1 Comment A, this appears:

"The relation of agency is created as the result of conduct by two parties manifesting that one of them is willing for the other to act for him subject to his control, and that the other consents so to act. The principal must in some manner indicate that the agent is to act for him, and the agent must act or agree to act on the principal's behalf and subject to his control."

In 2 Am. Jur. p. 13, "Agency" § 2, this appears:

"An agency may be defined as a contract, either express or implied, upon a consideration, for a gratuitous undertaking, by which one of the parties confides to the other the management of some business to be transacted in his name or on his account, and by which that other assumes to do the business and render an account of it."

In Black's Law Dictionary an agent is defined as:

"A person authorized by another to act for him, one entrusted with another's business."

Campbell testified that he asked Ellis to drive his truck from Ellis' house to Campbell's house. Ellis was in the process of driving the truck on the prescribed route and was turning into Campbell's driveway when the traffic mishap occurred. When an owner asks another person to drive a vehicle for him to a certain place and such requested person undertakes to comply with the request and is on the prescribed route, it is clear, as a matter of law, that the driver in such situation is acting as the agent of the owner and not as a bailee of the vehicle. Because of Campbell's testimony as herein quoted, we find no error committed by the Trial Court in declaring as a matter of law that Ellis was the agent of Campbell.

Affirmed.