JAMES A. HINSON *v.* CULBERSON-STOWERS
CHEVROLET, INC.

5-4562                                   427 S. W. 2d 539

Opinion delivered May 13, 1968

*Ward & Mooney,* for appellant.

*Barber, Henry, Thurman, McCaskill & Amsler,* for
appellee.

JOHN A. FOGLEMAN, Justice. Appellant seeks re-
versal of an order of the trial court quashing the process
and dismissing the complaint in his action against ap-
pellee for malicious prosecution. The transcript shows
only that summons was issued and served upon appel-
lee. Neither the form nor manner of service is disclosed.
There appears in the transcript a receipt for certified
mail which was addressed to Frank Culberson, Culber-
son-Stowers, Pampa, Texas. The receipt was signed for
Frank Culberson by one Ulm Eads, purportedly as the
agent of the addressee. Appellant asserts that service
was proper under the provisions of Ark. Stat. Ann.
§ 27-339.1 (Supp. 1967). Appellee does not question
that service was had in the manner and form required
by that section, but contends that the section is not ap-
plicable and that the court's action in granting its mo-
tion to quash was proper. Consequently, we will treat
this case as if the record reflected service pursuant to

this section and will determine this appeal on the question of applicability of the statute.

Appellant relies solely and entirely on the application of the above named statute. The pertinent portion thereof reads:

"(1) Any cause of action arising out of acts done in this State * * * by an agent or servant in this State of a foreign corporation may be sued upon in this State * * * by process served upon or mailed to the * * * corporation outside the State."

Appellant's complaint alleged that appellee caused a warrant of arrest issued in Gray County, Texas, to be sent by United States mail to the Sheriff of Craighead County, Arkansas, along with instructions from the defendant, by way of both telephone and mail, to place appellant under arrest and imprison him unless and until he paid over an indebtedness asserted by appellee to be due it.

Appellant argues that appellee, a foreign corporation without an agent for service of process in the State of Arkansas, was subject to service under this statute, and contends that the corporation's use of the mails and the services of the telephone company in furthering its alleged malicious prosecution of appellant made the United States postal service and the telephone company his agents or servants in Arkansas and that the acts of these representatives performed in this state gave rise to appellant's cause of action. Appellant also contends that the Sheriff of Craighead County was the agent of appellee in this matter. The complaint does not state whether the warrant was placed in the mails by appellee or by an officer of Gray County, Texas, and appellant admitted in oral argument that the identity of the person placing the warrant in the mails is undisclosed by the record.

A telephone company is a common carrier of communications. As such it must supply all who are alike

situated and cannot discriminate in favor of or against anyone. *Montgomery* v. *Southwest Arkansas Telephone Co.,* 110 Ark. 480, 161 S. W. 1060. Thus, its relationship to a user is hardly compatible with the relationship of principal and agent. In *Campbell* v. *Bastian,* 236 Ark. 205, 365 S. W. 2d 249, we cited with approval authorities on the relationship as follows:

"* * * In the American Law Institute's Restatement of the Law of Agency, § 1 Comment A, this appears:

'The relation of agency is created as the result of conduct by two parties manifesting that one of them is willing for the other to act for him subject to his control, and that the other consents so to act. The principal must in some manner indicate that the agent is to act for him, and the agent must act or agree to act on the principal's behalf and subject to his control.'

In 2 Am. Jur. p. 13, 'Agency' § 2, this appears:

'An agency may be defined as a contract, either express or implied, upon a consideration, or a gratuitous undertaking, by which one of the parties confides to the other the management of some business to be transacted in his name or on his account, and by which that other assumes to do the business and render an account of it.'

In Black's Law Dictionary an agent is defined as: 'A person authorized by another to act for him, one entrusted with another's business.' "

We find that the essential elements of authorization and control are absent. We have also approved the definition of servant in the Restatement of Agency as an employee whose physical conduct is subject to the master's right of control. *Southern National Insurance Co.* v.

*Williams,* 224 Ark. 938, 277 S. W. 2d 487. The relationship of the telephone company is more nearly that of independent contractor. This relationship is created when there is no intent on the part of an employer to retain control or direction of the manner or methods by which the party contracted with shall perform the work and there is no direction relating to the physical conduct of the contractor or his employees in the execution of the work. *Massey* v. *Poteau Trucking Co.,* 221 Ark. 589, 254 S. W. 2d 959.

By the same tests, the United States mails could not be either the agent or the servant of appellee.

There is nothing to indicate that the warrant of arrest was not regular on its face, and both parties agreed on oral argument that it was to be so considered. None of the allegations of the complaint suggests that the sheriff followed the instructions of appellee or did anything except to perform his duty in the service of the warrant. Ark. Stat. Ann. § 12-1110 (Repl. 1956) makes it the duty of the sheriff to execute all lawful process directed to him by legal authority. In so doing, he is the agent of the law, not of any private party. *Griffin* v. *Thompson,* 2 Howard (U. S.) 244, 11 L. Ed. 253 (1844); *M'Ghee* v. *Ellis,* 4 Littell (Ky.) 244, 14 Am. Dec. 124 (1823); *Horton* v. *Maffitt,* 14 Minn. 289, 100 Am. Dec. 222 (1869). In the absence of a showing to the contrary, there is a presumption that the sheriff performed his duty lawfully, correctly and in good faith. *McCamey* v. *W ight,* 96 Ark. 477, 132 S. W. 223; *Matthews* v. *Bailey,* 198 Ark. 703, 130 S. W. 2d 1006; *Beaumont* v. *Faubus,* 239 Ark. 801, 394 S. W. 2d 478.

Since neither the telephone company, the United States mails nor the sheriff can be said to be the agent or servant of appellee in the sense of § 27-339.1, there is no error in the court's order quashing service thereunder.

The judgment is affirmed.