Colonel Winford E. Philips, Director Arkansas State Police
1 State Police Plaza Drive Little Rock, Arkansas 72209-4822
Dear Colonel Philips:
You have asked for my opinion on certain exemptions from licensing requirements for used motor vehicle dealers. I have paraphrased your question as follows:
 Section 23-112-606 of the Arkansas Code requires anyone who "engage[s] in business as a used motor vehicle dealer" to obtain a license. Another subsection in that statute exempts secured parties from the licensing requirements when they are selling repossessed, used vehicles. If an online auction company acts as the secured-party's agent, does the secured-party's exemption extend to the agent?
RESPONSE
Yes, in my opinion. If the secured party and the online auction company are, in fact, in an agent-principal relationship, then the secured party's exempt status extends to the online company via their agent-principal relationship.
DISCUSSION
For purposes of this opinion, I assume, without deciding, that the online auction company is acting as the secured party's agent. With that assumption in mind, there are three main issues to analyze. First, is the secured party exempt from *Page 2 
licensing requirements that apply to used-vehicle dealers? Second, does the common law of agency permit the secured party to contract with an online auction company to sell used vehicles that were used as collateral? Third, if the answers to the first two questions are yes, does A.C.A. § 23-112-602 prohibit the secured party's exemption from extending to the online company via the agency relationship?
The answer to the first issue is clearly "yes." The General Assembly has made it illegal "for any person to engage in business as a used motor vehicle dealer . . . without obtaining a used motor vehicle license. . . ." A.C.A. § 23-112-606 (Repl. 2004). But any "mortgagee or secured party" that has used the vehicle as "collateral on a mortgage or security agreement" does not have to get a license to sell that repossessed, used vehicle. A.C.A. § 23-112-602(11)(B)(iii) (Supp. 2009).
The answer to the second question is also clearly "yes." The scope of the agency relationship indicates that the secured party/principal can enable the agent to conduct the principal's activity of selling repossessed vehicles if both parties so intend. The Arkansas Supreme Court has adopted the definition of agency found in the Restatement (Second) of Agency's definition. E.g., Hinson v. Culberson-StowersChevrolet, Inc. 244 Ark. 853, 427 S.W.2d 539 (1968). An agency relationship is defined "as a contract . . . by which one of the parties confides to the other the management of some business to be transacted in his name or on his account, and by which that other assumes to do the business and render an account of it."Id. at 855, 427 S.W.2d at 541-42.
If the online company is in fact the secured party's agent, as I have assumed, then the scope of an agency relationship permits the secured party to "confide to" the online company the "management of some business" (i.e., selling reposed cars). Thus, the scope of the common law of agency allows the secured party to contract with an online company for the latter to sell the former's repossessed, used cars.
The final question is whether the statute exempting secured parties prohibits that exemption from extending to the secured party's agent. The statute contains no such prohibition, in my opinion. The General Assembly has the power to alter the common law. Books-A-Million,Inc. v. Arkansas Painting and Specialties Company,340 Ark. 467, 470, 10 S.W.3d 857, 859 (2000). But legislative acts "will not be construed as overruling" the common law unless the act makes "plain . . . that such a change is intended." Id.,10 S.W.3d at 859. Further, when courts *Page 3 
construe statutes, they employ relevant common-law rules that were in effect when a statute was passed. Nelson v. State,318 Ark. 151, 883 S.W.2d 839, 842 (1994).
Subsection 23-11-602(11)(B)(iii) exempts financial institutions and other secured parties when they sell repossessed, used vehicles. The statute is silent on whether the secured party's exemption extends to its agent. There are two reasons that the statute's silence enables us to make a valid inference that the secured party may, as provided by common law, transfer "the management of some business" to the online auction company. First, the common law allowing the secured party to hire an agent and transfer the management of its business to the agent existed at the time subsection 23-11-602(11)(B)(iii) was created. Thus, according to Nelson v. State, supra, we must construe the statute in light of the common law. The statute's silence indicates that the common law agency principles exist alongside the rights and obligations created by the statute. Second, the statute's silence on the common law indicates that the General Assembly did not intend to modify or abolish the secured party's common law rights to contract with its agent. Thus, the common law right remains intact.
One might argue that subsection 23-112-605(11)(A)(i) requires the online auction company to be licensed. That subsection defines a "used motor vehicle dealer" as "any person . . . or auto auction who, for a commission or with intent to make a profit or gain of money or other thing of value, sells, brokers, exchanges . . . or attempts to negotiate a sale . . . or an interest in any used motor vehicle. . . ." But, in my opinion, this subsection does not require a broker or auctioneer ofsecured parties to be licensed when that broker or auctioneer is acting as the secured party's agent under common law principles. Given that the exemption for secured parties specifically exempts them from being a "used motor vehicle dealer," any auctioneer or broker acting as that secured party's agent would also not be a used motor vehicle dealer.
In summary, secured parties are generally exempt from licensing requirements when they sell repossessed, used vehicles that were collateral for loans. And the secured parties have common law rights to contract with an agent to sell those vehicles. Because subsection 23-11-602(11)(B)(iii) never indicates that the secured party's ability to contract with an agent is modified, the secured party retains its full common law ability to contract with an agent. Therefore, the secured party can contract with the online auction company to sell repossessed vehicles on the secured party's behalf. If the secured party would be exempt from licensing, then its agent would be too. *Page 4 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
 *Page 1