
SLIP OPINION

Cite as 2013 Ark. 395

# SUPREME COURT OF ARKANSAS

No. CV-12-1037

| | |
|---|---|
| CHARLOTTE HALL HARDIN, TROY GENTRY GUTHREY, AND ENTERGY ARKANSAS, INC. <br> APPELLANTS <br><br> V. <br><br> INDIA BISHOP <br> APPELLEE | **Opinion Delivered** October 10, 2013 <br><br> APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. CV-11-556-5] <br><br> HONORABLE JODI RAINES DENNIS, JUDGE <br><br> REVERSED AND REMANDED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellants Charlotte Hall Hardin, Troy Gentry Guthrey, and Entergy Arkansas, Inc., appeal an order of the Jefferson County Circuit Court granting summary judgment in favor of appellee India Bishop. For reversal, appellants argue that the circuit court erred in its ruling and in dismissing appellants' claims for double damages, pursuant to Arkansas's fire-prevention statute found at Arkansas Code Annotated section 20-22-304 (Repl. 2005). We accepted certification from the court of appeals and have jurisdiction pursuant to Arkansas Supreme Court Rule 1-2(b)(6) (2013). We reverse and remand for further proceedings.

In March 2011, Randy Wardlaw, Bishop's ex-husband and the father of Bishop's two children, lived in a rental house on Bishop's property located east of Pine Bluff. The two were married from 1969 to 1975 and remained close friends over the years. Wardlaw occasionally performed tasks for Bishop, who had been ill, and these tasks included cleaning out ditches, bush-hogging, weed eating, and grading on her property. On March 11, 2011,

Wardlaw burned dead vegetation in a drainage ditch on Bishop's property. Bishop's farmland adjoined property, including several permanent structures, that belonged to her sister, Hardin. The fire burned out of control and spread onto the premises of American Tire & Truck Repair, a building owned by Hardin and rented to Guthrey for his business, where it caused a $326,000 loss, and the fire also destroyed $12,977.42 in electrical equipment owned by Entergy that was stored inside the building.

Subsequently, appellants Hardin and Guthrey filed a complaint against Bishop and Wardlaw alleging Wardlaw's negligence and sought to recover damages, including double-damage recovery, pursuant to section 20-22-304. Bishop answered and filed a motion for summary judgment, claiming that no question of material fact existed because Wardlaw caused the damages. She also asserted that Wardlaw was not her agent and that she could not be held liable for his actions. Alternatively, Bishop moved for partial summary judgment on the issue of double damages and requested the court to rule that section 20-22-304 did not apply to her case. With her motion for summary judgment and brief in support, Bishop attached (1) appellants' complaint, (2) excerpts from Wardlaw's deposition, (3) excerpts from her own deposition, and (4) a letter from Hardin and Guthrey's counsel.

Appellants responded that Bishop's motion for summary judgment included questions of fact relating to (1) whether a principal-agent relationship existed between Bishop and Wardlaw, (2) whether Bishop breached her duty as a property owner by allowing ultra-hazardous activity on her property, and (3) whether Bishop could be held strictly liable for the damages caused by hazardous activity. In support, appellants attached Wardlaw's

SLIP OPINION

deposition testimony stating that he started the fire to clean a ditch on Bishop's property; that he did such things for her from time to time; that she would tell him if she did not want him to do something; that he box-bladed and bush-hogged her parking lots and properties; that she did not pay him because it would endanger his unemployment check; that he had previously burned her property as a way of cleaning it; that he was sure that Bishop was aware of the fact that he burned the property; and that he did not think that any burning was outside his authority. In addition to Wardlaw's deposition, appellants attached an affidavit from Royce Heritage, who stated that Wardlaw told him that Bishop had told him to set the fire. Appellants attached other exhibits, which included Hardin's affidavit with an attached aerial photograph; an affidavit of Hardin's husband, T.C. Hardin; a loss estimate on the American Tire & Truck Repair building; an itemized valuation of the inventory and equipment destroyed by the fire; Wardlaw's conviction record; appellants' second amended and substituted complaint; and Bishop's deposition testimony. Additionally, after Bishop filed her motion for summary judgment, appellant Entergy intervened, alleging damages totalling $12,977.42. Appellant Entergy moved to have Bishop's motion for summary judgment deemed filed against it and to adopt the responses and arguments of other appellants.

On September 14, 2012, after a hearing on the matter, the circuit court entered a default judgment against Wardlaw, ordering him to pay Hardin $228,900 plus costs and to pay Guthrey $453,750 plus costs and interest. Additionally, on September 25, 2012, the circuit court entered an order generally granting Bishop's motion for summary judgment but

SLIP OPINION

did not offer a specific basis for its ruling. The circuit court also entered an order granting summary judgment against appellant Entergy. Appellants timely filed a notice of appeal with the court of appeals.

We accepted certification of this case from the court of appeals because of an issue presented by Bishop. In her brief, Bishop argues that appellants failed to obtain a ruling from the circuit court on the issues raised in their appeal, and therefore, this court is procedurally barred from addressing the merits of appellants' appeal. Specifically, Bishop contends that appellants failed to obtain a ruling from the circuit court because it merely found that no genuine issues of material fact existed. It is true that, in its order, the circuit court generally granted Bishop's motion for summary judgment without ruling specifically on the arguments presented in the parties' motions, briefs, and oral arguments. Although the circuit court did not expressly state the basis for its grant of summary judgment, the primary argument advanced below by Bishop was that she could not be held liable to appellants because Wardlaw did not act as her agent at the time of the fire. Appellants assert that summary judgment was improper because the issue of whether Wardlaw acted as an agent for Bishop was a genuine issue of material fact yet to be determined.

The circuit court granted summary judgment pursuant to Arkansas Rule of Civil Procedure 56 (2012), which provides as follows:

> (2) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law *on the issues specifically set forth in the motion*.

4



(Emphasis added.) In accomplishing its review of a summary-judgment motion, the circuit court is not required to make findings of fact and conclusions of law, pursuant to Rule 52(a) of the Arkansas Rules of Civil Procedure. Rule 52(a) plainly states that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under these rules." Ark. R. Civ. P. 52(a) (2013). However, when a case does not involve a motion, we typically adhere to our well-established principle that the failure to obtain a ruling on an issue at the trial court level precludes a review of the issue on appeal. *Technical Servs. of Ark., Inc. v. Pledger*, 320 Ark. 333, 896 S.W.2d 433 (1995); *Parmley v. Moose*, 317 Ark. 52, 876 S.W.2d 243 (1994).

In the present case, Bishop raised the sole ground of agency in her motion for summary judgment and, as an alternative ground for partial summary judgment, the issue of double damages. The parties clearly raised the agency issue in motions before the circuit court and attached exhibits in support. The parties also argued the issue to the court at the summary-judgment hearing. As a result, the circuit court's order states that it made its findings "[b]ased upon the adopted pleadings and argument of counsel" in ruling that "no genuine issue of material facts exists." Thus, the circuit court's grant of summary judgment encompassed the sole issue of agency presented to it in the motions, briefs, and arguments by counsel at the hearing. Because it granted summary judgment on agency, the court did not need to rule on the alternative ground of damages. Therefore, pursuant to Rule 52(a), we conclude that the circuit court was not required to make specific findings of fact and conclusions of law, and the failure to do so does not preclude our appellate review of the order granting summary judgment.



However, we recognize a line of summary-judgment cases in which the circuit courts have granted summary judgment, and on appeal, we have held that, because the circuit courts made no specific ruling on numerous claims, we were precluded from considering the issues on appeal. *See e.g.*, *In re Estate of Keathley*, 367 Ark. 568, 242 S.W.3d 223 (2006); *Hanks v. Sneed*, 366 Ark. 371, 235 S.W.3d 883 (2006); *Morrison v. Jennings*, 328 Ark. 278, 943 S.W.2d 559 (1997).[1]  To the extent that those cases and their progeny are inconsistent with the holding in the present case, we overrule them. *See Jackson v. Ivory*, 353 Ark. 847, 862, 120 S.W.3d 587, 596 (2003) (holding that a circuit court's order stating that "[t]here was no genuine issue as to any material fact" was sufficient to preserve appellant's issue on appeal when the issue had been presented to the circuit court).

We now reach the merits of appellants' arguments.  For the first point on appeal, appellants argue that the circuit court erred in granting Bishop's motion for summary judgment on the basis that no genuine issue of material fact existed.  Appellants claim that, notwithstanding Bishop's assertions, there was ample proof to create a jury question that an agency relationship existed between Bishop and Wardlaw.  In response, Bishop contends that the circuit court properly granted her motion for summary judgment, finding that she could not be vicariously liable for the alleged negligent acts or omissions of Wardlaw.

The law is well settled that summary judgment is to be granted by a circuit court only

---

[1]We do not implicate our holding in *Arkansas Lottery Commission v. Alpha Marketing*, 2012 Ark. 23, 386 S.W.3d 400, where we held that the circuit court's failure to make an express ruling on the issue of sovereign immunity precluded the Commission from immediately appealing the order.  In that case, sovereign immunity was the basis of our jurisdiction, and as such, that finding was necessary for our review.



when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Harrisburg Sch. Dist. No. 6 v. Neal*, 2011 Ark. 233, 381 S.W.3d 811. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id*. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, 381 S.W.3d 21. We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id*. Our review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties. *Cent. Okla. Pipeline, Inc. v. Hawk Field Servs., LLC*, 2012 Ark. 157, 400 S.W.3d 701.

A party asserting the existence of an agency relationship has the burden of proving that an agency relationship exists. *Taylor v. Gill*, 326 Ark. 1040, 934 S.W.2d 919 (1996). The two essential elements of an agency relationship are (1) that an agent have the authority to act for the principal, and (2) that the agent act on the principal's behalf and be subject to the principal's control. *Pledger v. Troll Book Clubs, Inc.*, 316 Ark. 195, 871 S.W.2d 389 (1994). Ordinarily, agency is a question of fact to be determined by the jury; but where the facts are undisputed, and only one inference can be reasonably drawn from them, it becomes a question of law. *Campbell v. Bastian*, 236 Ark. 205, 365 S.W.2d 249 (1963). Agency can be proved by circumstantial evidence, if the facts and circumstances introduced into evidence are

SLIP OPINION

sufficient to induce in the mind of the finder of fact the belief that the relation did exist and that the agent was acting for the principal in the transaction involved. *Id.* Mere relationship or family ties, unaccompanied by any other facts or circumstances, will not justify an inference of agency, but such relationship is entitled to great weight, when considered with other circumstances, as tending to establish the fact of agency. *Schuster's, Inc. v. Whitehead*, 291 Ark. 180, 722 S.W.2d 862 (1987); *Braley v. Arkhola Sand & Gravel Co.*, 203 Ark. 894, 159 S.W.2d 449 (1942).

Bishop relies on *Taylor, supra*, for the proposition that the question of agency between appellant Taylor and the tortfeasor, Willis, survived summary judgment and went to the jury. In *Taylor*, the circuit court denied summary judgment and allowed the question of agency between Taylor and Willis to go to the jury. This court reversed, holding that, as a matter of law, Taylor's degree of control over Willis was not enough to qualify as an agent. *Id.* However, the case at bar is distinguishable from *Taylor, supra*, because of its procedural posture. We have stated that the object of summary-judgment proceedings is not to try the issues, but to determine if there are any issues to be tried. *Walls v. Humphries*, 2013 Ark. 286, ___ S.W.3d ___. The standard is whether there is evidence sufficient to raise a factual issue, rather than evidence sufficient to compel a conclusion on the part of the fact-finder. *Wallace v. Broyles*, 331 Ark. 58, 961 S.W.2d 712 (1998). Here, the circuit court determined that there were no issues to be tried, and as a result, a jury never heard the facts or applied agency principles because the circuit court granted summary judgment. Therefore, *Taylor, supra*, is inapplicable in our review of the case at bar.



In the present case, appellants met proof with proof and demonstrated the existence of a material issue of fact as required by this court in summary-judgment cases. *Couch v. Farmers Ins. Co., Inc.*, 375 Ark. 255, 289 S.W.3d 909 (2008); *Gray v. Mitchell*, 373 Ark. 560, 285 S.W.3d 222 (2008). In doing so, appellants presented the following exhibits in response to Bishop's motion for summary judgment. First, appellants cited Wardlaw's deposition testimony stating that he and Bishop were best friends. Wardlaw testified that he burned Bishop's land to clean it, performed bush-hogging, and used a box blade to grade Bishop's parking lots and roads. He admitted that he had burned off the same area one to two years ago and that he did not tell Bishop about the burning on her property but that she would have seen the results. Wardlaw also admitted that if Bishop had paid him, it would have endangered his unemployment check. Second, Royce Heritage, a witness to the fire, swore in an affidavit that Wardlaw told him on the day of the fire that Bishop had instructed him to set the fire. Third, appellants presented deposition testimony from Bishop stating that Wardlaw would have needed her permission to conduct a dangerous activity such as burning tall grass or brush. Thus, a factual question regarding Bishop's authorization and control over Wardlaw remains to be answered. Based on this conflicting testimony, we conclude that genuine issues of material fact exist regarding the issue of whether Wardlaw acted as an agent of Bishop. For these reasons, we hold that the circuit court improperly granted Bishop's motion for summary judgment. Accordingly, we reverse and remand for further proceedings.

For the second point on appeal, appellants argue that the circuit court erred in dismissing their claims for double damages. Because we reverse and remand for further

proceedings on the issue of agency, we decline to reach the merits of appellants' claims for double-recovery argument, pursuant to section 20-22-304. Thus, the issue of damages is not ripe for our review, and we reverse and remand for further proceedings.

Reversed and remanded.

BAKER, J., concurs.

*Gibson & Keith, PLLC*, by: *C.C. "Cliff" Gibson, III*; and
*Walter Whit Barton*, for appellants Charlotte Hall Hardin and Troy Gentry Guthrey.

*Friday, Eldredge & Clark, LLP*, by: *Jamie Huffman Jones*; and
*William Webster Darling*, for appellant Entergy Arkansas, Inc.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Micheal L. Alexander* and *Rick Behring, Jr.*, for appellee.