

# SUPREME COURT OF ARKANSAS

**No.** CV-14-666

| | |
|---|---|
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and JOHN M. SELIG, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE DEPARTMENT OF HUMAN SERVICES<br><br>APPELLANTS<br><br>V.<br><br><br>FORT SMITH SCHOOL DISTRICT; GREENWOOD SCHOOL DISTRICT; and VAN BUREN SCHOOL DISTRICT<br>APPELLEES | **Opinion Delivered** February 26, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION<br>[NO. 60CV-14-718]<br><br>HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE<br><br><br>AFFIRMED IN PART; REVERSED AND DISMISSED IN PART; APPEAL DISMISSED IN PART. |

**ROBIN F. WYNNE, Associate Justice**

This is an interlocutory appeal from the Pulaski County Circuit Court's denial of a motion to dismiss on sovereign-immunity grounds filed by appellants, the Arkansas Department of Human Services (DHS) and its director, John Selig. Under Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure–Civil (2014), an appeal may be taken from a circuit court to the Arkansas Supreme Court from an order denying a motion to dismiss based on the defense of sovereign immunity or the immunity of a government official. As explained below, we affirm in part; reverse and dismiss in part; and dismiss in part.

This case involves a DHS rule requiring all licensed child-care centers to carry general-liability insurance. The rule was implemented pursuant to Act 778 of 2009, codified

SLIP OPINION

at Arkansas Code Annotated section 20-78-227 (Repl. 2014) and titled "Liability insurance and driver training requirements." Act of Apr. 3, 2009, No. 778, 2009 Ark. Acts 4222. Section 20-78-227 provides as follows:

> (a) The purpose of this section is to enhance safe and responsible passenger transportation of children in child care by requiring appropriate liability insurance and driver training.
>
> (b) The Division of Child Care and Early Childhood Education of the Department of Human Services is directed, in collaboration with the State Insurance Department, to develop and promulgate rules requiring sufficient and appropriate minimum levels of *general liability insurance coverage* for licensed child care centers and licensed and registered child care family homes, including coverage for transportation services when applicable.
>
> (c) The division shall promulgate rules requiring all drivers of vehicles transporting children on behalf of licensed child care centers and licensed and registered child care family homes to complete a comprehensive program of driver safety training.

(Emphasis added.) Based on this statute, DHS amended its licensing requirements to include certain minimum general-liability-insurance coverage for all child-care centers. Appellees, the plaintiffs below, are three school districts that each operate child-care centers licensed by DHS. The school districts filed a complaint in the Pulaski County Circuit Court on February 19, 2014, against Mike Beebe, individually and in his official capacity as governor of the State of Arkansas;[1] John M. Selig, individually and in his official capacity as director of DHS; and DHS. The school districts sought declaratory and injunctive relief, as well as costs and attorney's fees, alleging that DHS's requirement that they purchase general-liability

---

[1]On April 7, 2014, then Governor Mike Beebe was dismissed from the case when the circuit court granted the school districts' motion to voluntarily dismiss him without prejudice. He is not a party to this appeal.

insurance conflicted with their tort immunity under Arkansas Code Annotated section 21-9-301(a).[2] They also alleged, among other things, that school–district child care is not a child-care facility subject to supervision by DHS. In their prayer for relief, the school districts sought the following:

a.      A declaration that Act 778 of 2009 does not require a school district that operates a child care center or a pre-K program to purchase or maintain general liability insurance;

b.      A declaration that Act 778 of 2009 in no way supersedes, repeals or overrules in any respect the application of the tort immunity statute for school districts found in A.C.A. § 21-9-301 even where they, as here, may operate a child care center or a pre-K program;

c.      A declaration that school district child care is not a child care facility subject to supervision of DHS within the meaning of A.C.A. [§] 20-78-202( 2);

d.      A declaration that the proposed rules and regulations promulgated by DHS pursuant to Act 778 of 2009 have not been published in accordance with the Act and applicable law and are, therefore, of no force and effect;

e.      A declaration that there has been no consideration by the Legislature on the impact of Act 778 of 2009 on adequacy funding.

f.      A preliminary injunction after notice and a hearing prohibiting the State, DHS, and any of their officials, officers, agents, servants or employees from seeking to impose any rule, regulation, or other mandate upon the Plaintiffs that would require the Districts to purchase general liability insurance involuntarily, said preliminary injunction to be made permanent upon a final hearing on the merits; and

---

[2]Arkansas Code Annotated section 21-9-301(a) (Supp. 2013) provides:

It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, public charter schools, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.

g. That Plaintiffs be awarded all other just and proper relief to which they may be entitled, including reimbursement of their costs and attorneys fees to the extent permitted by Arkansas law.

In response, on March 13, 2014, DHS and John Selig filed a motion to dismiss and accompanying brief, arguing that the school districts' claims against DHS and Selig in his official capacity were barred by sovereign immunity, that the claims against Selig in his individual capacity were barred by statutory immunity under Arkansas Code Annotated section 19-10-305(a), and that the complaint failed to state a claim upon which relief could be granted under Arkansas Rule of Civil Procedure 12(b)(6). On March 26, 2014, the school districts filed a response to DHS and Selig's motion to dismiss. DHS and Selig filed a reply on April 2, 2014.

On June 5, 2014, the circuit court held a hearing on appellants' motion to dismiss and on the school districts' motion for preliminary injunction. The hearing included argument by appellants' counsel that the school districts' claims were barred by sovereign and statutory immunity. At the conclusion of the hearing, the court denied both the motion for preliminary injunction and the motion to dismiss. An order was entered on June 12, 2014, and, as to the motion to dismiss, the court stated only that "Defendants' Motion to Dismiss is DENIED."[3] This appeal followed.[4]

---

[3]This case is distinguishable from *Arkansas Lottery Comm'n v. Alpha Mktg.*, 2012 Ark. 23, 386 S.W.3d 400, which was also an interlocutory appeal under Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure–Civil. In that case, we dismissed the appeal for lack of jurisdiction because there was no ruling from the trial court on the issue of sovereign immunity. The crucial distinction is that the trial court's detailed order on the motion to dismiss specifically ruled that "[t]he motion to dismiss for failure to state a claim upon which relief can be granted is denied," and did not rule on the issue of sovereign immunity. Here,

I. *Standard of Review*

In reviewing the circuit judge's decision on a motion to dismiss, this court has said,

> [W]e treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. However, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief.

*Arkansas Dep't of Envtl. Quality v. Oil Producers of Ark.*, 2009 Ark. 297, at 5, 318 S.W.3d 570, 572–73 (internal citations omitted) (quoting *Ark. Tech Univ. v. Link*, 341 Ark. 495, 501, 17 S.W.3d 809, 812 (2000)). Our standard of review for the denial of a motion to dismiss is whether the circuit judge abused his or her discretion. *Id.* (citing *S. Coll. of Naturopathy v. State ex rel. Beebe*, 360 Ark. 543, 203 S.W.3d 111 (2005)).

II. *Sovereign Immunity—DHS and Selig in His Official Capacity*

---

we have an order denying the motion to dismiss without explanation, which operates as a ruling on each of the grounds argued as a basis for dismissal, including immunity. *See Hardin v. Bishop*, 2013 Ark. 395, 430 S.W.3d 49 (reviewing the merits of a circuit court's decision granting summary judgment, despite the fact that the circuit court did not expressly state the basis for its ruling); *Asset Acceptance, LLC v. Newby*, 2014 Ark. 280, 437 S.W.3d 119 (concluding that the circuit court's blanket denial of a motion to compel arbitration constituted a ruling on all of the issues raised by the parties).

[4]In June 2014, following the circuit court's denial of their request for temporary injunctive relief, the school districts filed a notice of appeal, and DHS and Selig cross-appealed the denial of their motion to dismiss. Facing a July 1, 2014 deadline to acquire general-liability coverage pursuant to DHS's rules, the school districts filed a petition for writ of mandamus or certiorari and application for emergency or accelerated proceedings. This court denied the petition for writ of mandamus or certiorari and granted the application for emergency or accelerated proceedings. DHS and Selig's cross-appeal was perfected and became the present appeal.

A suit against a public official in his or her official capacity is essentially a suit against that official's agency. *Smith v. Daniel*, 2014 Ark. 519, at 6, __ S.W.3d __, __. We have held that official-capacity suits generally represent a way of pleading a cause of action against the entity of which the officer is an agent. *Id.* Thus, DHS and John Selig, in his official capacity, are essentially the same defendant for purposes of our sovereign-immunity analysis.

Appellants contend that the school districts' claims are barred by sovereign and statutory immunity. The defense of sovereign immunity originates from the Arkansas Constitution, which provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." Ark. Const. art. V, § 20. Sovereign immunity is jurisdictional immunity from suit, and jurisdiction must be determined entirely from the pleadings. *Clowers v. Lassiter*, 363 Ark. 241, 244, 213 S.W.3d 6, 9 (2005). In determining whether the doctrine of sovereign immunity applies, the court should determine if a judgment for the plaintiff will operate to control the action of the State or subject it to liability. *Id.* If so, the suit is one against the State and is barred by the doctrine of sovereign immunity. *Id.* This court has extended the doctrine of sovereign immunity to include state agencies. *Ark. Game & Fish Comm'n v. Eddings*, 2011 Ark. 47, at 4, 378 S.W.3d 694, 697.

This court has recognized three ways in which a claim of sovereign immunity may be waived: (1) where the State is the moving party seeking specific relief; (2) where an act of the legislature has created a specific waiver of sovereign immunity; and (3) where the state agency is acting illegally or if a state-agency officer refuses to do a purely ministerial action

required by statute. *Ark. Dep't of Cmty. Corr. v. City of Pine Bluff*, 2013 Ark. 36, 425 S.W.3d 731. A statutory waiver of sovereign immunity may be express or implied. *Id.*

Here, we need not decide whether a judgment for the school districts would operate to control the action of the State because the General Assembly has expressly waived sovereign immunity in suits for declaratory judgment regarding the validity or applicability of agency rules in Arkansas Code Annotated section 25-15-207 (Repl. 2014), which provides that

> (a) The validity or applicability of a rule may be determined in an action for declaratory judgment if it is alleged that the rule, or its threatened application, injures or threatens to injure the plaintiff in his person, business, or property.
>
> (b) The action may be brought in the circuit court of any county in which the plaintiff resides or does business or in Pulaski County Circuit Court.
>
> (c) The agency shall be made defendant in that action.
>
> (d) A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question.

This statute clearly applies in the present case to allow the school districts to challenge DHS's rule requiring all licensed child-care centers to maintain general liability insurance.[5] In fact, appellants specifically conceded at the hearing that the circuit court had jurisdiction over DHS under the above statute contained in the Administrative Procedure Act. Because of the

---

[5]In their reply brief, appellants argue for the first time that, because the school districts did not specifically invoke Arkansas Code Annotated section 25-15-207 in their complaint, it cannot serve as a basis for jurisdiction over the State. This court will not consider arguments raised for the first time in an appellant's reply brief because the appellee is not given a chance to rebut the argument. *E.g.*, *Coleman v. Regions Bank*, 364 Ark. 59, 216 S.W.3d 569 (2005).

SLIP OPINION

express statutory waiver of sovereign immunity when a declaratory judgment is sought regarding the validity or applicability of an agency rule, we affirm the denial of appellants' motion to dismiss on sovereign-immunity grounds as to the declaratory relief sought against DHS and John Selig, in his official capacity as director of DHS.

The injunctive relief requested by the school districts seeks to bar application of the rule requiring the plaintiff school districts to purchase general-liability insurance. While appellants contend that the school districts' request for injunctive relief is an impermissible attempt to control the action of the State, we disagree. Where, as here, there is a permitted challenge to a rule under the declaratory-judgment statute, a request for injunctive relief is simply a means to enforce the judgment, should the circuit court determine that the rule is invalid or inapplicable. Furthermore, we have recognized that where an action seeks to prevent an officer of the State from acting unlawfully, the office does not shield him, and the action is treated as one against the officer and not a suit against the State. *Fed. Compress & Warehouse Co. v. Call, Commissioner of Labor*, 221 Ark. 537, 254 S.W.2d 319 (1953) (action seeking to enjoin the defendants, the Commissioner of Labor and the Administrator of the Employment Security Division, from proceeding under an allegedly void administrative ruling was held not a suit against the State); *see also Hickenbottom v. McCain, Commissioner of Labor*, 207 Ark. 485, 181 S.W.2d 226 (1944). Therefore, we affirm the denial of appellants' motion to dismiss on sovereign-immunity grounds as to the injunctive relief sought against DHS and John Selig, in his official capacity as director of DHS.

Finally, appellants are correct that, by seeking to recover monetary damages in the form of costs and attorney's fees, the school districts seek to subject the State to liability. Therefore, looking only at the pleadings, we hold that the request for reimbursement of costs and attorney's fees is barred by the doctrine of sovereign immunity and reverse and dismiss on that narrow claim.[6]

### III. *John Selig, in His Individual Capacity*

Next, we address the school districts' suit against John Selig individually. We hold that, to the extent the school districts make any claims against Selig individually, they are barred by Arkansas Code Annotated section 19-10-305(a) (Supp. 2013), which provides,

> Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment.

Under Arkansas Code Annotated section 19-10-305(a), state officers and employees are statutorily protected by sovereign immunity. *Fuqua v. Flowers*, 341 Ark. 901, 20 S.W.3d 388 (2000). More particularly, this court has held that such officers and employees acting without malice within the course and scope of their employment are immune from an award of damages in litigation. *Id.* Thus, for a plaintiff to counter an assertion of sovereign immunity, he or she must allege sufficient facts in his or her complaint to support the claim of malicious conduct by the defendant. *Id.* In defining malice, we have stated,

---

[6]We recognize that the school districts, in their response to appellants' motion to dismiss, conceded that "in a suit of this nature attorney's fees and costs are not normally permitted by law and that they, therefore, do not seek such relief in this case to the extent not permitted."

SLIP OPINION

It is true that in law malice is not necessarily personal hate. It is rather an intent and disposition to do a wrongful act greatly injurious to another. Malice is also defined as "the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent. . . . A conscious violation of the law . . . which operates to the prejudice of another person. A condition of the mind showing a heart . . . fatally bent on mischief."

*Arkansas Dep't of Envtl. Quality v. Al-Madhoun*, 374 Ark. 28, 35, 285 S.W.3d 654, 660 (2008) (citations omitted).

Here, the school districts did not allege any malicious acts or omissions by John Selig, nor did they allege that he acted outside the scope of his employment. Therefore, to the extent that the school districts allege that John Selig is liable in his individual capacity, we reverse and dismiss.

IV. *Conclusion*

Only the issue of sovereign immunity is properly before this court pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(10). Consequently, we must dismiss the portion of appellants' appeal that challenges the denial of their motion on the ground that school districts operating licensed child-care centers are not exempt from the insurance requirement of Act 778 of 2009.

Affirmed in part; reversed and dismissed in part; dismissed in part.

BAKER, J., concurs.

HANNAH, C.J., and DANIELSON, J., dissent.

**PAUL E. DANIELSON, Justice, dissenting.** I respectfully dissent and would dismiss the instant case due to the failure of the circuit court's order to expressly rule on the issue of sovereign immunity as required by this court's case law.

Ordinarily, an appeal may not be taken from an order denying a motion to dismiss. *See Univ. of Ark. for Med. Scis. v. Adams*, 354 Ark. 21, 117 S.W.3d 588 (2003). However, Arkansas Rule of Appellate Procedure–Civil 2(a)(10) (2014) provides for an interlocutory appeal of an order denying a motion to dismiss based on the defense of sovereign immunity. *See id.* The rationale justifying an interlocutory appeal is that the right to immunity from suit is effectively lost if the case is permitted to go to trial. *See id.*

While such an interlocutory appeal is permissible under this court's rules, this court has held that "without a ruling on the sovereign-immunity issue, there can be no interlocutory appeal." *Ark. Lottery Comm'n v. Alpha Mktg.*, 2012 Ark. 23, at 6, 386 S.W.3d 400, 404. Before an interlocutory appeal may be pursued from the denial of a motion to dismiss on the ground of sovereign immunity, we must have in place an order denying a motion to dismiss on that basis. *See id.* In other words, where the circuit court has failed to address the issue of sovereign immunity in its order, "the absence of *an express ruling* is fatal" to the appeal. *Id.* at 5, 386 S.W.3d at 403 (emphasis added). *See also Black's Law Dictionary* 661 (9th ed. 2009) (defining "express" as "[c]learly and unmistakably communicated; directly stated"). This is because when sovereign immunity is the basis for appellate jurisdiction, a finding on sovereign immunity is necessary for our review. *See Asset Acceptance, LLC v. Newby*, 2014 Ark. 280, 437 S.W.3d 119; *Hardin v. Bishop*, 2013 Ark. 395, 430 S.W.3d 49.[1] In the instant case, the circuit

---

[1]I am left perplexed by the majority's attempt to distinguish the instant case from that of *Alpha Marketing* and its reliance on both *Hardin* and *Asset Acceptance* in support of its position. In both of those cases, we observed that the general ruling at issue was distinguishable from the nonspecific ruling in *Alpha Marketing*, because in the latter, sovereign immunity was the basis of our jurisdiction, and as such, we required a specific finding on that

court's order lacks an express ruling on ADHS's claims of sovereign immunity and statutory immunity; therefore, this court should dismiss the appeal without prejudice for lack of jurisdiction.

A review of the instant record reveals that the doctrines of sovereign immunity and statutory immunity were raised in short by ADHS in its motion to dismiss, in addition to its claim that the School Districts' complaint failed to state a claim upon which relief could be granted.[2] The School Districts addressed the issue in their response, and ADHS very briefly addressed the immunity issue at the hearing before the circuit court.[3] After doing so, counsel for ADHS immediately began to address the merits of the School Districts' claims, after which counsel for the districts responded only to ADHS's arguments on the merits and urged the circuit court that the districts had alleged sufficient facts to avoid an order dismissing the case. The circuit court then ruled as follows: "Well, I think it's close. But I'm going to deny the

issue for our review. *Asset Acceptance*, 2014 Ark. 280, at 7 n.1, 437 S.W.3d at 123 ("In [*Alpha Marketing*], sovereign immunity was the basis of our jurisdiction, and as such, a specific finding on that issue was necessary for our review."); *Hardin*, 2013 Ark. 395, at 6 n.1, 430 S.W.3d at 53 ("In [*Alpha Marketing*], sovereign immunity was the basis of our jurisdiction, and as such, that finding was necessary for our review."). How the majority can now say that the instant sovereign-immunity case is more like *Hardin* and *Asset Acceptance* than like the sovereign-immunity case of *Alpha Marketing* is beyond me.

[2]I note that the argument relating to sovereign immunity was minimal when compared to that portion of the motion addressing the merits of the School Districts' complaint.

[3]Counsel for the School Districts addressed neither the issue of sovereign immunity, nor that of statutory immunity, in the districts' response during the hearing before the circuit court.

Motion at this point, and we'll go forward with it." It then took up the School Districts'

request for a preliminary injunction.

Notably, the circuit court's order lacks any reference at all to ADHS's contentions of

sovereign and statutory immunity. In its order, after reciting its consideration of the

"motions, responses, and replies filed by the parties, together with the testimony offered and

the oral argument of counsel for the parties," the circuit court simply found as follows:

1.  Defendants' Motion to Dismiss is DENIED.
2.  Plaintiffs have failed to establish that denial of a preliminary injunction will
    result in irreparable harm to the applicant.
3.  Plaintiffs have failed to demonstrate a likelihood of success on the merits.
4.  Plaintiffs' request for a preliminary injunction is DENIED.

Not only did the circuit court's order lack an express ruling on the issue of immunity as

required by this court in *Alpha Marketing*, its order failed to acknowledge the issue at all.[4]

Moreover, this court has been quite clear that it will not presume a ruling from the circuit

court's silence, as we have held that we will not review a matter on which the circuit court

has not ruled, "*and a ruling should not be presumed.*" *Alpha Mktg.*, 2012 Ark. 23, at 7, 386

S.W.3d at 404 (emphasis in original).

Whether an order is appealable is a jurisdictional issue that this court has a duty to raise,

even if the parties do not. *See Ford Motor Co. v. Harper*, 353 Ark. 328, 107 S.W.3d 168

(2003). Where no final or otherwise appealable order is entered, this court lacks jurisdiction

to hear the appeal. *See id.* Because the circuit court "did not pass judgment" or expressly rule

---

[4]The record discloses that the circuit court's order was prepared by counsel for ADHS.



on ADHS's claim that the relief sought by the School Districts was barred by sovereign and statutory immunity, we lack an appealable order. *Alpha Mktg.*, 2012 Ark. 23, at 6, 386 S.W.3d at 404. Without such, this court lacks jurisdiction to hear the instant appeal, and the appeal should be dismissed without prejudice. Accordingly, I dissent.

HANNAH, C.J., joins.

*J. Mark White*, Arkansas Department of Human Services Office of Policy and Legal Services, for appellants.

*Thompson and Llewellyn, P.A.*, by: *James M. Llewellyn, Jr.*, and *William P. Thompson*, for appellees.