| tnJosephine Linker Hart, Justice, dissenting. The majority has completely mischarac-terized appellant’s cause of action. This is not an appeal of a Judicial Discipline and Disability Commission (JDDC) ruling. Appellant’s cause of action is a petition for declaratory judgment that asks the circuit court to declare whether JDDC’s procedures comport with amendment 66 or the Arkansas Constitution.[1] |nOn June 6, 2012, appellant filed a petition in the Pulaski County Circuit Court styled “Complaint for Declaratory Judgment and Injunctive Relief.” Our declaratory judgment statute states: Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the' force and effect of a final judgment or decree. Ark. Code. Ann. § 16-111-101. Furthermore, our declaratory-judgment statute must be liberally construed. In section 16—111—112, the General Assembly stated, “This chapter is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally -construed and administered.” I iaThe petition asserted that the circuit court had jurisdiction to hear the petition pursuant to Arkansas Code Annotated section 16-13-201(a), which states, “Circuit courts shall have original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution.” Further, the petition asked the circuit court to declare certain statutes and rules promulgated by the Arkansas Supreme Court with regard to the JDDC unconstitutional under amendment 66. Appellant asserted that amendment 66 mandates that the complaints he filed with the JDDC against Circuit Judge Timothy D. Fox be investigated by the nine-member JDDC and that his complaints had not been investigated. The second amended petition prayed that the circuit court (a) declare unconstitutional portions of Arkansas Code Annotated section 16-1CM04; (b) declare unconstitutional Rule 8(C), (D), and (E) of the Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission;[2] (c) declare that Kqthe creation of “Investigation Panels” exceeds the statutory authority of the JDDC and the Arkansas Supreme Court under section 16-10-404 and amendment 66(f); (d) declare that the standard of “sufficient cause to proceed” was unconstitutionally vague; (e) declare the actions of the investigation panel void with regard to appellant’s complaint; and (f) issue a mandatory injunction directing the JDDC to investigate his complaint against Judge Fox as set forth in amendment 66(a) and (b) and the constitutional portions of Arkansas Code Annotated section 16-10-404. I am mindful that the petition, with exhibits, exceeded 200 pages. The petition described the misdeeds allegedly committed by Judge Fox and asserted that similar transgressions involving other judges had been found by the JDDC to violate the Arkansas Code of Judicial Conduct. These violations resulted in sanctions against those judges. Pleading further, the petition asserted that appellant received correspondence stating that an |¶/‘investigation panel” did not find “any evidence of judicial misconduct, wrong-doing, or incapacity within the Commission’s jurisdiction.” It further had determined that there was “insufficient cause to proceed” and dismissed the complaint. Attempts by appellant to learn the identity of the investigation panel were resisted by the JDDC. However, a successful lawsuit by appellant under the Arkansas Freedom of Information Act (FOI) resulted in disclosure that the investigation panel was composed of District Judge Steve Routon, Judy Henry, and Mary Bassett.[3] I acknowledge that, in the petition, there is an undertone of dissatisfaction with the disposition of appellant’s complaints. However, this does not turn appellant’s declaratory-judgment petition into an appeal of the JDDC’s decision. It is instead a product of the required fact-pleading that is essential to establishing that appellant was aggrieved by the JDDC’s handling of appellant’s complaints. In reviewing the circuit court’s dismissal of appellant’s petition, we are obligated under our standard of review to treat the facts alleged in the petition as true and view them in the light most favorable to the party who filed the complaint. Ark. Dep’t of Human Servs v. Fort Smith Sch. Dist., 2015 Ark. 81, 455 S.W.3d 294. We are also required to consider and resolve all reasonable inferences in favor of the petition. Id. Furthermore, we must liberally construe all pleadings. Id. The majority failed to properly review this case. The issue before this court is a narrow one. Was appellant’s complaint actually an attempt to appeal a ruling of the JDDC, as the appellees assert and as the circuit court found, |1fior was it a petition for declaratory judgment challenging the validity of certain statutes and Arkansas Supreme Court Rules that purport to establish procedures to implement amendment 66? Rather than upholding the court’s obligation to interpret appellant’s pleadings so as to afford him relief if possible, the majority construed appellant’s pleading to affirm the circuit court’s summary dismissal of his petition. Amendment 66 was initiated by a joint resolution of the legislature and approved by the voters in 1988. It created not only a mechanism to discipline the state’s judicialy but also recognized, a textual constitutional right of every citizen to have his or her complaint against a judge received, investigated, and ruled on by a particular nine-member group of Arkansas citizens known as the JDDC. The majority does not acknowledge that the processes specified by amendment 66 applies not only to the judges but also to every citizen who observes what appears to be a breach of judicial ethics. As noted previously, amendment 66 requires that the JDDC “shall receive and investigate, complaints concerning misconduct of all justices and judges.” Thus, the plain wording of amendment 66 contemplates that every" person who believes that a member of the judiciary has engaged in misconduct has the right to file a complaint -with the JDDC and have it handled in the manner provided for by the constitution. Today’s decision denies appellant this constitutional right. It is true that amendment 66 empowers the Arkansas supreme court to “make procedural rules implementing this amendment.” However, the rules of JDDC “procedure” that appellant challenges created a full-time executive director, a position never contemplated in the plain wording of amendment 66. The executive director has been hfigiven unilateral authority to dismiss complaints without submitting them to the JDDC. Furthermore, under these “procedures,” investigation is not performed by the full commission, as specified by amendment 66. Investigation is instead entrusted to three-member ad hoc groups, apparently composed of “alternates” who are not actual members of the commission. The constitutionality of the rules implementing amendment 66 is a question that can and should be brought by the Arkansas citizen that granted this court the authority to establish these procedures. Today’s majority opinion places decisions by the executive director and ad hoc panels beyond this court’s power of review. The majority has also immunized the executive director and the JDDC from public scrutiny, no matter how far their decisions may stray from our constitutional mandate. This gives the JDDC and the unelected executive director unique status among public officials in Arkansas. In Wilson v. Pulaski Ass’n of Classroom Teachers, 330 Ark. 298, 302, 954 S.W.2d 221, 224 (1997) (quoting Jensen v. Radio Broad. Co., Inc., 208 Ark. 517, 520, 186 S.W.2d 931, 932 (1945)), this court stated, There is no doubt but that equity will exercise jurisdiction to restrain acts or threatened acts of public corporations or of public officers, boards, or commissions which are ultra vires and beyond the scope of their authority, or which constitute a violation of their official duty, whenever the execution of such acts would cause irreparable injury to, or destroy rights and privileges of, the complainant, which are cognizable in equity, and for the protection of which we would have no adequate remedy at lawJjjThe majority has not justified the JDDC’s and its executive director’s special status, and more importantly, how it comports with the plain wording of amendment 66. When the ethical conduct of its judiciary is concerned, the citizens of Arkansas deserve to have this court honor the constitutional amendment that they voted for. At a minimum, this means that one nine-member body must receive, investigate, and decide the merits of each complaint filed against a member of this state’s judiciary. When a petition asserts that the’ procedures employed by the JDDC contravenes the explicit language of the Arkansas Constitution, that petition must get a full and fair hearing in a declaratory-judgment action. Furthermore, when public officials are not fulfilling their duties, every citizen in this state has the right to seek injunc-tive relief. Wilson, supra. I therefore respectfully dissent. . Amendment 66 states (a) Commission: Under the judicial power of the State, a Judicial Discipline and Disability Commission is established and shall be comprised of nine persons: three justices or judges, appointed by the Supreme Court; three licensed attorneys in good standing who are not justices or judges, one appointed by the Attorney General, one by the President of the Senate, and one by the Speaker of the House; and three members appointed by the Governor. The members appointed by the Governor shall not be justices or judges, retired justices or judges, or attorneys. Alternate members shall be selected and vacancies filled in the same manner, (b) Discipline, Suspension, Leave, and Removal: The Commission may initiate, and shall receive and investigate, complaints concerning misconduct of all justices and judges, and requests and suggestions for leave or involuntary disability retirement. Any judge or justice may voluntarily request that the Commission recommend suspension because of pending disciplinary action or leave because of a mental or physical disability. Grounds for sanctions imposed by the Commission or recommendations made by the Commission shall be violations of the professional and ethical standards governing judicial officers, conviction of a felony, or physical or mental disability that prevents the proper performance of judicial duties. Grounds for suspension, leave, or removal from office shall be determined by legislative enactment. . (c) Discipline: If, after notice and hearing, the Commission by majority vote of the membership determines that grounds exist for the discipline of a judge or justice, it may reprimand or censure the judge or justice, who may appeal to the Supreme Court. The Commission may, if it determines that grounds exist, after notice and hearing, and by majority vote of the membership, recommend to the Supreme Court that a judge or justice be suspended, with or without pay, or be removed, and the Supreme court, en banc, may take such action. Under this amendment, a judge who also has executive or legislative responsibilities shall be suspended or removed only from judicial duties. In any hearing involving a Supreme Court justice, all Supreme Court justices shall be disqualified from participation. (d) Leave and Retirement: If, after notice and hearing, the Commission by majority vote of the membership determines that a judge or justice is unable because of physical or mental disability to perform the duties of office, the Commission may recommend to the Supreme Court that the judge or justice be granted leave with pay or be retired, and the Supreme Court, en banc, may take such action, A judge or justice retired by the Supreme Court shall be considered to have retired voluntarily as provided by law. (e) Vacancies: Vacancies created by suspension, the granting of leave or the removal of a judge or justice, or vacancies created by disqualification of justices, shall be filled as provided by law. (f) Rules: The Supreme Court shall make procedural rules implementing this amendment and setting the length of terms on the Commission. (g) Cumulative Nature: This amendment is alternative to, and cumulative with, impeachment and address authorized by this Constitution. . In pertinent part, Rule 8 states: C. Investigation of Complaints. All complaints not summarily dismissed by the Executive Director shall then be presented to an Investigation Panel. The Investigation Panel shall dismiss all complaints for which sufficient cause to proceed is not found by that Panel. If the complaint is not dismissed, the Panel shall then direct the staff to make a prompt, discreet, and confidential investigation. In no instance may the staff undertake any investigation or make any contact with anyone other than the complainant and the judge unless authorized to do so by the Investigation Panel. If authorized by the Investigation Panel, subpoenas may be used to obtain documents, procure witness statements, and collect other evidence requested by the Panel. Upon completion, the Panel shall review the findings from the investigation. The Panel shall dismiss all complaints for which sufficient cause to proceed is not found. A report as to matters so dismissed shall be furnished to the Commission at its next meeting. The complainant and the judge shall be informed in writing of the dismissal. D. Mandatory Notice to the Judge. If a complaint, or any portion of it, is not dismissed by the Investigation Panel following the discreet and confidential investigation, then the Panel shall notify the judge in writing immediately of those portions of the complaint that the Panel has concluded warrant further examination and attention. The judge shall receive the complaint, or any portion of the complaint that is not dismissed, along with any information prepared by or for the Panel or Staff to enable the judge to adequately respond to the issues in the complaint. The judge shall be invited to respond to each of the issues from the complaint that the Panel has identified as possible violations of the Arkansas Code of Judicial Conduct. The time for the judge to respond shall be within 30 days unless shortened or enlarged by the Investigation Panel for good cause. E.Dismissal or Formal Statement of Allegations. The Investigation Panel may dismiss the complaint with notice to the complainant and the judge, upon a finding of probable cause that the judge violated the Code of Judicial Conduct, it may direct that a formal statement of allegations, citing specific provisions of the Code of Judicial Conduct alleged to have been violated and the specific facts offered in support of the alleged violation(s), be prepared and served on the responding judge along with all materials prepared by the Panel or Staff. Service may be by any means provided for service of process in the Arkansas Rules of Civil Procedure. . I want to be clear, despite the fact that current JDDC Executive Director, David Sac-har, had been substituted as a named defendant in this case, the activity that appellant complains of took place during the tenure of Mr. Sachar’s predecessor, David Stewart.