Cite as 2020 Ark. App. 405

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CV-18-995

| | |
|---|---|
| JS ARKANSAS FIVE HEALTHCARE, LLC; JS ARKANSAS MANAGEMENT GROUP, LLC; AND JOSEPH SCHWARTZ<br><br>APPELLANTS<br><br>V.<br><br>AMY GILBREATH, AS SPECIAL PERSONAL REPRESENTATIVE OF THE ESTATE OF JANIE ANN PARKER, DECEASED<br><br>APPELLEE | **Opinion Delivered:** September 16, 2020<br><br>APPEAL FROM THE IZARD COUNTY CIRCUIT COURT [NO. 33CV-17-50]<br><br>HONORABLE MAUREEN HARROD, JUDGE<br><br>REVERSED AND REMANDED |

## PHILLIP T. WHITEAKER, Judge

Appellants are JS Arkansas Five Healthcare, LLC; JS Ark Management Group, LLC; and Joseph Schwartz (collectively referred to as "JS Ark"), owners and operators of a nursing-home facility named Crown Point Healthcare and Rehabilitation Center (the "Facility"). Appellee, Amy Gilbreath, is the duly appointed Special Personal Representative of the Estate of her mother, Janie Ann Parker ("Parker"), who was a resident of the Facility from June 24, 2016, to April 8, 2017. JS Ark brings this interlocutory appeal from an order by the Izard County Circuit Court denying a motion to compel arbitration. Our jurisdiction is pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(12). We do not, however, reach the merits alleged in this appeal, but we must reverse and remand this matter to the circuit court because the circuit court failed to expressly rule on the threshold issues of

whether there was a valid agreement to arbitrate and, if so, whether the dispute fell within the scope of that agreement.

For purposes of this opinion, we provide the following abbreviated version of the factual and procedural history between the parties. At the age of sixty-two, Parker voluntarily admitted herself into residency of the Facility in June 2017. She resided in the Facility for approximately ten months before she passed away on April 8, 2017, while in the Facility's care.

Upon Parker's death, Gilbreath filed a lawsuit for negligence and medical malpractice against JS Ark for the alleged neglectful treatment Parker received while a resident of the Facility.[1] In response, JS Ark filed a motion to compel arbitration and stay proceedings. They alleged that Parker had executed a resident and facility arbitration agreement (the "Agreement") and that the Agreement compelled arbitration of all Gilbreath's claims. Gilbreath filed a response to appellants' motion asserting it should be denied because no valid arbitration agreement existed and Parker lacked capacity, and she asserted the contract defenses of unconscionability and undue influence.

After a hearing on the motion, the circuit court entered an order denying the motion to compel arbitration. The circuit court concluded that Gilbreath did not overcome the presumption that Parker had the capacity to sign the Agreement but did hold that she carried her burden of proving procedural unconscionability and that the Agreement was

---

[1]The complaint asserted claims against CrownPoint Health and Rehab Center, Inc., and CrownPoint Health and Rehab Center, Inc., d/b/a CrownPoint Health and Rehab Center, the former operator and owner of the Facility; however, the circuit court granted appellee's motion to dismiss the claims against the separate defendants on August 29, 2018.

unenforceable. In support of its unconscionability ruling, the circuit court found the following: (1) Parker could not read due to blindness in one eye; (2) testimony from appellee indicated her mother had a lack of understanding in simple matters of daily life; (3) JS Ark failed to follow their own policy in presenting arbitration agreements to residents, namely a set of step-by-step instructions; and (4) testimony from a former office manager proved unequal bargaining power between JS Ark and Parker. This appeal followed.

We review a circuit court's order denying a motion to compel arbitration de novo on the record. *GGNSC Holdings, LLC v. Lamb*, 2016 Ark. 101, 487 S.W.3d 348. We decide the issues on appeal using the record developed in the circuit court without deference to the circuit court's ruling. *Pine Hills Health & Rehab., LLC v. Talley*, 2018 Ark. App. 131, 546 S.W.3d 492. Our court is not bound by the circuit court's decision; however, in the absence of a showing the circuit court erred in its interpretation of the law, the court will accept its decision as correct on appeal. *Diamante v. Dye*, 2013 Ark. App. 630, 430 S.W.3d 196.

As its sole point on appeal, JS Ark argues the circuit court erred by refusing to enforce the parties' valid arbitration agreement due to procedural unconscionability. JS Ark asserts four subpoints in making its argument: (1) Parker, although blind in her left eye, had adequate vision in her right eye; (2) the objective evidence demonstrates Parker was capable of making her own decisions and understanding the Agreement; (3) appellants were not required to follow an internal set of instructions for the Agreement to be enforceable; and (4) the circuit court improperly relied on testimony from a former office manager that she

told appellee the Agreement had to be signed for Parker to remain a resident. For the reasons set forth herein, we do not address any of these four subpoints specifically.

When asked to compel arbitration, a circuit court is limited to deciding two threshold questions. The court must first consider whether there is a valid agreement to arbitrate between the parties. On appeal, we look to state contract law to determine if the parties' agreement is valid, even though an arbitration agreement is subject to the Federal Arbitration Act. *GGNSC Holdings, LLC v. Chappel*, 2014 Ark. 545, 453 S.W.3d 645. The circuit court must affirmatively find the existence of a valid agreement to arbitrate between the parties before conducting any further analysis. If the court does find a valid agreement to arbitrate, then the court must consider whether the dispute falls within its scope. *Asset Acceptance, LLC v. Newby*, 2014 Ark. 280, 437 S.W.3d 119. Only when the court finds affirmatively that a valid agreement to arbitrate exists between the parties and that the dispute falls within its scope will the court consider any defenses to the enforcement of the agreement. *See Bank of the Ozarks, Inc. v. Walker*, 2014 Ark. 223, 434 S.W.3d 357.

In the instant case, the parties disputed the existence of a valid arbitration agreement, whether the dispute fell within the scope of the Agreement, and defenses to the Agreement. However, the circuit court went directly to a determination of defenses against enforcement without addressing either of the two threshold questions. Our supreme court has made clear that a circuit court cannot skip steps in its analysis nor will the appellate courts presume a ruling on those issues simply because a circuit court rules on an asserted defense. In *Bank of the Ozarks*, the circuit court denied the motion to compel solely on the basis of the equitable defense of unconscionability without addressing the threshold issue of assent to arbitrate.

The supreme court reversed and remanded to the circuit court to first resolve whether there was a valid agreement to arbitrate between the parties. *Id.* Additionally, the supreme court instructed if the circuit court found there was a valid agreement to arbitrate, then it must determine whether the dispute falls within the scope of the agreement. *Id.* Only then could the circuit court consider whether there was a defense that may be applied to invalidate the agreement. *Id.*

We recognize that the supreme court subsequently distinguished *Bank of the Ozarks* in *Asset Acceptance*, 2014 Ark. 280, at 6, 437 S.W.3d at 122. In *Asset Acceptance*, the circuit court entered a blanket denial of the motion to compel. On appeal, the supreme court stated:

> While at first blush it might appear that our holding in *Bank of the Ozarks* would require us to reverse and remand this case for the circuit court to rule on the question of whether a valid arbitration agreement exists, we find that the order in present case is distinguishable from *Bank of the Ozarks*, and is not controlled by that precedent.

Because the circuit court's order constituted a "blanket" ruling on all the issues raised by the parties, the supreme court held it was not necessary to remand for a finding on whether a valid agreement to arbitrate existed. In support of its ruling, the Arkansas Supreme Court cited *Hardin v. Bishop* for the proposition that when a circuit court denies a motion without expressly stating the basis for its ruling, that ruling encompasses the issues presented to the circuit court by the briefs and arguments of parties. 2013 Ark. 395, 430 S.W.3d 49.

We hold that *Bank of the Ozarks* is controlling in this appeal and not *Asset Acceptance*. Here, the circuit court did not enter a blanket order denying the motion to compel, but the order that is the subject of this appeal goes into an in-depth discussion of a defense to the

Agreement and denied JS Ark's motion on the basis of procedural unconscionability, making *Bank of the Ozarks* controlling.  Accordingly, pursuant to precedent in *Bank of the Ozarks*, we reverse and remand this matter to the circuit court.

Reversed and remanded.

VIRDEN and GLADWIN, JJ., agree.

*Dover Dixon Horne PLLC*, by: *Todd Wooten* and *Carl F. "Trey" Cooper III*, for appellants.

*Appellate Solutions, PLLC, d/b/a Riordan Law Firm*, by: *Deborah Truby Riordan*; and *Davidson Law Firm*, by: *Scott Davidson*, for appellee.